Fuld, J.
This appeal calls upon us to decide a question of first impression in this court: May a defendant’s prior plea of guilt to a traffic offense be introduced as evidence of his carelessness in a civil action for damages ?
The relevant facts are simple and undisputed. Robert Ando, a police officer, driving a motorcycle, and Edward Nichols, driving an automobile owned by Essie Woodberry, were both proceeding north on Fifth Avenue, New York' City, on the afternoon of December 28, 1955. Car and motorcycle collided when Mr. Nichols attempted to make a left turn at 110th Street, and Officer Ando was injured as a result of the collision. Mr. Nichols was given a summons which charged him with failing to make a proper turn and failing to signal before turning, and he subsequently appeared in the Manhattan Traffic Division of Magistrates’ Court and pleaded guilty to both charges.
Upon the negligence trial, held in the Supreme Court, the only witnesses to the occurrence of the accident were the plain *167 tiff and the -defendant Nichols who drove the ear. According to the plaintiff, Hr. Nichols, after first pulling over to the right, made a left turn without prior warning or signal and struck Ms motorcycle. Mr Nichols not only denied that he had moved to the right, hut asserted that he had given a signal upon making the turn. In order to strengthen his case, the plaintiff attempted to prove Mr. Nichols ’ plea of guilt in Traffic Court on the theory that it constituted an admission, hut, upon the defendants’ objection, the trial court excluded the proffered evidence. The jury returned a verdict in favor of the defendants and the Appellate Division, two Justices dissenting, affirmed the judgment subsequently rendered.
In deciding whether proof of a plea of guilty to a traffic violation should be received as evidence in chief in a subsequent civil action, it is well to recall the principle, basic to our law of evidence, that “ All facts having rational probative value are admissible ” unless there is sound reason to exclude them, unless, that is, “some specific rule forbids” (1 Wigmore, Evidence [3d ed., 1940], p. 293). It is this general principle which gives rationality, coherence and justification to our system of evidence and we may neglect it only at the risk of turning that system into a trackless morass of arbitrary and artificial rules.
In view of the fact that Mr. Nichols’ plea of guilty to the charges leveled against Mm—failing to signal and making an improper turn—-is relevant to the issue of Ms negligence in turning off Fifth Avenue, we must simply decide whether there is any justification for excluding it. Two possible grounds of exclusion suggest themselves; the first, that such testimony is hearsay and, the second, that its introduction violates public policy.
Since a prior plea of guilt represents an admission, it is not obnoxious to the hearsay rule. (See 4 Wigmore-, op. óit., §§ 1048, 1049, pp. 2-7.) Accordingly, the courts of this State, as well as of other jurisdictions, have generally sanctioned the receipt in evidence in a negligence action of a prior plea of guilty to a traffic violation. (See People v. Formato, 286 App. Div. 357, 363-364; Walther v. News Syndicate Co., 276 App. Div. 169, 176; Stanton v. Major, 274 App. Div. 864; Same v. Davison, 253 App. Div. 123, 124; Barnum v. Morresey, 245 *168 App. Div. 798; Rednall v. Thompson, 108 Cal. App. 2d 662, 666; Koch v. Elkins, 71 Idaho 50, 54; Dimmick v. Follis, 123 Ind. App. 701, 703; Race v. Chappell, 304 Ky. 788, 792; Morrissey v. Powell, 304 Mass. 268, 271; Remmenga v. Selk, 150 Neb. 401, 415; Public Serv. Co. v. Chancey, 94 N. H. 259, 261; Freas v. Sullivan, 130 Ohio St. 486, 491; Olk v. Marquardt, 203 Wis. 479, 485.) Thus, when Mr. Nichols pleaded guilty to the traffic infractions charged against him, his plea of guilty amounted to a statement or admission by him that he did the act charged. As such, it should be treated like any other admission or confession, and subject to the same rules relating to its weight and effect.
The defendants insist, however, that there is a public policy which requires us to treat the admission implicit in pleading guilty to a traffic offense differently from others. It is the policy of this State, they urge, that a traffic infraction be distinguished from a crime and that it be recognized that a plea of guilt is entered in traffic court for numerous reasons unrelated to actual guilt. To support their contention, they point to subdivision 29 of section 2 of the Vehicle and Traffic Law, Matter of Hart v. Medley (287 N. Y. 39) and Walther v. News Syndicate Co. (276 App. Div. 169, supra).
The portion of the Vehicle and Traffic Law relied upon provides that “ a traffic infraction is not a crime, and the penalty or punishment imposed therefor * * * shall not affect or impair the credibility as a witness, or otherwise, of any person convicted thereof” (Vehicle and Traffic Law, § 2, subd. 29; see, also, Civ. Prac. Act, § 355). Whatever else this provision may mean, it is clear that it is directed solely against the use of a conviction of a traffic infraction to “ affect or impair * # * credibility as a witness ” of the person convicted and not against the use of a plea as evidence in chief. The statute does no more than restate the rule of the common law that a prior conviction may be shown to attack the credibility of a witness only if it was a conviction of a crime. (See People v. Joyce, 233 N. Y. 61, 71; People v. Brown, 2 A D 2d 202, 203; see, also, Civ. Prac. Act, § 350.)
Since a traffic infraction was declared not to be a crime, it was but natural for the Legislature to, in effect, codify the settled rule prohibiting the use of a conviction of such an *169 offense to impeach the offender when called to testify as a witness. Had more than this been intended, had it been the legislative design to render evidence of a traffic infraction unavailable for any purpose in a subsequent civil action, it could easily have so provided. (See, e.g., Minn. Stats. Ann., § 169.94, subd. 1; Colo. Rev. Stat., 13-4-140.)[1] The Legislature of this State having written a clearly limited rule of exclusion, we may not apply it beyond its terms to exclude the use of a guilty plea as evidence in chief.
Nor may legislative policy be taken to justify its exclusion. Certain violations of the Vehicle and Traffic Law were denominated traffic infractions and distinguished from crimes in order to establish a new type of offense, one “ with the stigma of criminality removed.” (Squadrito v. Griebsch, 1 N T 2d 471, 476.) The legislation simply represented a recognition of the fact that most traffic violations do not involve the degree of moral turpitude associated with crime.
Our case law, likewise, offers no support for the defendants’ position. It is quite true that in Matter of Hart v. Mealey (287 N. Y. 39, supra), where the issue was whether there was sufficient evidence to justify a determination by the Commissioner of Motor Vehicles that a driver’s license be revoked on account of reckless driving, this court remarked on the “weakness ” of evidence of a conviction after trial—not of a plea of guilt, as was inadvertently assumed by the Appellate Division—as proof of the facts involved. The Hart case, however, did not involve any issue of admissibility and, therefore, has no bearing on the issues before us. The case of Walther v. News Syndicate Co. (276 App. Div. 169, supra) did hold that a judgment of conviction of a traffic infraction after trial was inadmissible in a subsequent civil action, but it recognized that its decision represented a limited exception to the general rule announced by this court in Schindler v. Royal Ins. Co. (258 N. Y. 310; see, also, Matter of Rechtschaffen, 278 N. Y. 336) and, even more significant, it expressly distinguished the case before it from those in which a plea of guilty *170 is involved. “In such eases,” wrote the court, “the record or proof of the defendant’s guilty plea is. received' * * * as a, declaration or admission against interest(Walther v. News Syndicate Co., 276 App. Div. 169, 176, supra.) Consequently, even if we were to assume that the. Appellate. Division was correct in its conclusion in the WaUher case—and. we observe that we have never had occasion to consider the question there presented—the opinion supports, rather than detracts from, the conclusion that a, guilty plea deliberately recorded by the defendant is admissible against him on the issue of his negligence in a subsequent civil action.
In addition to their reliance on policy and precedent, the defendants offer an argument based on what they label ‘ ' experience ’ They contend that one charged with a traffic violation pleads guilty, even though he believes himself innocent, in order to avoid the expenditure of time and money which would he involved if guilt were denied and the: charge contested. Based on this assumption, they suggest that the plea of guilt must be. looked upon as one of ml& contendere. The contention has no merit. In the first place, the plea of nolo contendere has long been abolished in this State: (see People v. Daiboch 265 N. Y. 125, 128) and may not. be resurrected without legislative sanction. In the second place, while we are willing to assume that pleas to traffic charges are not infrequently prompted by considerations of expediency, we have no reliable means of judging- how significant a portion of all guilty pleas to traffic, charges are of this character. But, quite apart from this, there is no basis for the defendants’ unverified generalization or ‘ ' hunch ’ ’ in cases, where, as here, the alleged violation was attended with injury to the- person or property of a third party and the plea carries with it serious consequences to- the- offender’s future status as a motor vehicle operator (Vehicle and Traffic Law, § 71).[2]
*171 What the defendant Nichols is actually arguing is that, when he pleaded guilty, he “really didn’t mean what he said”. This claim, however, goes to the weight of evidence and entitles the defendant not to exclusion of the plea, but to an “opportunity to explain” it. (Chamberlain v. Iba, 181 N. Y. 486, 490; see, also, Wachtel v. Equitable Life Assur. Soc., 266 N. Y. 345, 351; Gangi v. Fradus, 227 N. Y. 452; Hirsch v. New York Life Ins. Co., 267 App. Div. 404, 406; 4 Wig-more, op. cit., pp. 23-24.) After the defendant has given his explanation, his reasons for pleading guilty, it is for the jurors to evaluate his testimony and decide whether the plea is entitled to any weight. As this court Avrote some years ago Avith respect to extra-judicial admissions, it is for the jury, noting “ the conditions and circumstances under which [such admissions] were made ”, to determine their “ effect * * * and their probative weight and value, which may range from the lowest, or none at all, to conclusiveness.” (Gangi v. Fradus, 227 N. Y. 452, 457, supra.) The traditional treatment accorded to admissions by our courts takes account of the very claim here made, namely, that the defendant’s guilty plea was not an admission that he committed the acts charged against him.
To the claim that the jury will be unduly prejudiced by the introduction of a plea of guilt despite the opportunity to explain it away, we content ourselves with the statement that this underestimates the intelligence of jurors and overlooks their awareness of those very circumstances said to destroy the meaning and significance of the plea. If voluntarily and deliberately made, the plea was a statement of guilt, an admission by the defendant that he committed the acts charged, and it should be accorded no less force or effect than if made outside of court to a stranger.
The judgment of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.

. The Minnesota statute declares that “No record of the conviction of any person for any violation of [the Highway Traffic Regulation Act] shall be admissible as evidence in any court in any civil action” (Minn. Stats. Ann., § 169.94, subd. 1).

. Under the so-called “ point system. ”, in effect, in Hew York, a plea of guilt, fbr instance, to the charge- of faffing to- signal or of making am improper turn, is taken into account in determining whether the offenidiE’s license should be suspended or revoked. (See pamphlet issued by the Commissioner of Motor Vehicles, entitled, “What You Heed* to- Know About Hew York State’s Point System for Persistent Traffic Law Violators”.)