■ MAYER HAJDER, Respondent, v. G. & G. MODERNS, INC., Appellant.— Order, entered on November 22, 1960, granting plaintiff's motion, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to the appellant, and the motion by plaintiff for summary judgment denied, with $10 costs. Actions in negligence to recover for personal injuries do not readily lend themselves to disposition under the summary judgment rule. The question in such actions of whether or not the defendant was negligent is essentially one of fact (*Gerard* v. *Inglese*, 11 A D 2d 381, 383), and, other than in exceptional cases, the issue may only be decided on a trial. (Cf. *Di Sabato* v. *Soffes*, 9 A D 2d 297.) Even though there may be no material dispute as to the speed and course of travel of an automobile preceding an accident, and as to the physical surroundings at the time of the accident, the question of whether or not the driver was at fault in what he did or failed to do is ordinarily one of fact, to be determined by a trier of the facts. (See *Gerard* v. *Inglese, supra.*) Upon the facts as set forth in the affidavits of the plaintiff and the driver of the defendant's vehicle, there exists a question of fact as to whether or not the driver, under all the circumstances, acted with reasonable care, and, therefore, the plaintiff's motion should have been denied. Concur — Botein, P. J., Breitel, Rabin, Eager and Bergan, JJ.

■ SANDRA FOGEL, by GEORGE FOGEL, Her Guardian ad Litem, et al., Respondents, v. IDA LIPMAN, Appellant.— Order entered on January 20, 1961 granting plaintiffs' motion for summary judgment in this personal injury action unanimously reversed, on the law, with $20 costs and disbursements to the appellant and the motion denied, with $10 costs. Plaintiff is a granddaughter of defendant, and the action is based on the latter's negligent maintenance of a multiple dwelling owned by her. More specifically, in her moving affidavit plaintiff alleges she was caused to fall while walking up some steps in the vestibule by reason of a piece of improperly repaired step breaking off underfoot. In an examination before trial, however, plaintiff testified the step was already broken and out-of-repair, and made no mention of a piece breaking off as she stepped on it. Moreover, in the examination before trial plaintiff evinced sufficient knowledge of the existence of the broken step prior to the happening of the accident to raise an issue as to her contributory negligence. " With reference to the issues of contributory negligence, the essential facts are exclusively within the knowledge of the plaintiffs. Under the circumstances, therefore, summary judgment should not have been granted despite the inability of defendant to controvert the facts in the moving affidavits (*De France* v. *Oestrike*, 8 A D 2d 735)." (*Vignola* v. *Britts*, 11 A D 2d 801.) Concur — Botein, P. J., Breitel, Rabin, Eager and Bergan, JJ.

■ In the Matter of the Estate of ARTHUR W. CORSE, Deceased. PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Temporary Administrator of the Estate of ARTHUR W. CORSE, Respondent; MARIE McGANN, Deceased, et al., Appellants.— Decree unanimously affirmed, with costs to petitioner-respondent. No opinion. Concur — Botein, P. J., Breitel, McNally, Steuer and Bergan, JJ. [16 Misc 2d 538.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER ALBERTI, also Known as WALTER SULLIVAN, Appellant.— Order entered on February 11, 1960, denying defendant's application for a writ of error *coram nobis*, unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, McNally, Steuer and Bergan, JJ.