■ COLONIAL SAND & STONE CO., INC., Appellant, v. TRACY TOWING LINE, INC., et al., Respondents.— Order, entered on February 14, 1961, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, with $20 costs and disbursements to plaintiff-appellant, and the motion granted, with $10 costs. The action is for the recovery of property damage. Plaintiff's deckscow Milestone Light was moored to a dock in the East River. The Milestone Light was struck by a scow in tow of defendants' southbound tugboat. The undisputed facts establish defendants' negligence as a matter of law. The captain of defendants' tugboat left the pilot house in charge of his deckhand and returned too late to prevent his tugboat and tow from passing too near the west shore and colliding with the Milestone Light. The opposing affidavit fails to controvert the facts establishing negligence. In our opinion the prima facie proof is so convincing that the inference of negligence arising therefrom in the absence of other evidence is inescapable. (*Richard Equip. Corp.* v. *Manhattan Ind. Contr. Co.*, 9 A D 2d 691.) Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK CASAREALE, Appellant.— Judgment convicting defendant of violation of section 392 of the Vehicle and Traffic Law, unanimously modified, on the law, to the extent of limiting the sentence to a fine of $100 and imprisonment for 30 days, and, as so modified, affirmed. (Vehicle and Traffic Law, § 1801.) In the event of default in the payment of the fine, defendant is to be imprisoned one day for every dollar unpaid. (Code Crim. Pro., § 484.) The plea of guilty to a violation of section 392, not the crime or a derivative thereof charged in the indictment, was not improper. (*People* v. *Griffin*, 7 N Y 2d 511, 516.) Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HYMAN POST, Also Known as HYMAN POSALSKY, Respondent, v. CHARLES SAMUELS, Appellant.— Order, entered on February 21, 1962, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.

■ WALSTON & CO., INC., Respondent, v. ERNEST KLEIN, Appellant. WALSTON & CO., INC., Respondent, v. HIRSCH L. SPIRA, Defendant, and ERNEST KLEIN, Appellant.— Orders, entered on May 22, 1961, June 6, 1961 and June 23, 1961, so far as appealed from, unanimously affirmed, with $10 costs and disbursements to the respondent. No opinion. Orders, entered on May 22, 1961 and June 6, 1961, so far as appealed from, unanimously affirmed, with $10 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.