ROBERT G. HAYDUK, Respondent, v. MAHONEY MOTOR SALES, INC., Appellant.— In an action (a) to recover the price paid by plaintiff for an automobile purchased by him from the defendant, a dealer (first cause of action); and (b) to recover damages for loss of the use of the automobile (second cause of action), on the ground that plaintiff had elected to rescind the sale by reason of defendant's alleged breach of warranty that the automobile was fit for the purpose for which it was required and that it was of merchantable quality (Personal Property Law, §§ 96, 150), defendant appeals from a judgment of the City Court of Yonkers, entered June 12, 1962 upon an order of said court, dated the same day, which granted plaintiff's motion for summary judgment with respect to the first cause of action only. Judgment reversed, with $10 costs and disbursements; order, insofar as it relates to the first cause of action, vacated; and plaintiff's motion for summary judgment with respect to such cause of action denied. In our opinion, since the reports by the Police Department, by the firm of brake mechanics, and by the manufacturer of the automobile were unsworn, they should not have been considered in support of the motion (*Weber* v. *Richter*, 269 App. Div. 961, motion to amend order denied 269 App. Div. 1037, motion for leave to appeal denied 270 App. Div. 1046; *Long Is. Trust Co.* v. *Merz*, 20 Misc 2d 342; Tripp, A Guide to Motion Practice [rev. ed.], § 95). Moreover, while an admission may be considered in support of a motion for summary judgment, the automobile manufacturer's report was not an admission by defendant (see 20 Am. Jur., Evidence, §§ 344, 589, 590, 593; cf. *Funk* v. *Kaiser-Frazer Sales Corp.*, 15 A D 2d 548). Under the circumstances, the record presents issues of fact which must be resolved after a plenary trial. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.