■ Mario Barraco et al., Appellants, v. Silvia DePew, Respondent.— Greenblott, J. Appeal from an order of the Supreme Court at Special Term, entered December 3, 1968 in Ulster County, which denied a motion by plaintiffs for summary judgment. Plaintiffs seek to recover for personal injuries, loss of services, medical expenses and property damage. They were traveling northbound on a two-lane public highway which was partially covered with snow and ice, when defendant's southbound automobile skidded into the northbound lane and collided with their vehicle. The sole issue before this court is whether respondent has shown that an issue of fact exists sufficient to entitle her to a jury trial. In support of their motion, appellants alleged in a conclusory fashion, that respondent entered a curve " at a high rate of speed, too fast for the then prevailing conditions and thereby was unable to control her car, which upon application of her brakes, caused her said vehicle to slide and skid over and into your deponent's northbound lane ". Respondent averred that her vehicle was moving at approximately 25–30 miles per hour when it skidded on ice while rounding a curve. Although a showing that a vehicle has crossed onto the wrong side of a road, thereby causing damage, establishes a prima facie case of negligence, the explanation of the defendant will " usually be for the jury " (*Pfaffenbach v. White Plains Express Corp.*, 17 N Y 2d 132, 135). Where, as here, respondent's affidavit is factual, setting forth the approximate speed at which her vehicle was traveling, an issue of fact for the jury was created as to whether she operated her vehicle at a speed which did not constitute reasonable care under the existing conditions. (*Norman v. Druzbick*, 11 A D 2d 1039. See, also, *Velten v. Kirkbride*, 20 A D 2d 546; *Adams v. Leon*, 18 A D 2d 998; *Massicotte v. Malinowitz*, 11 A D 2d 1051.) Order affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.