■ ANSON L. DANN, JR., as Executor of ANSON L. DANN, Deceased, Appellant, v JOYCE M. MARTIN et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered May 5, 1975 in Tioga County, which granted a motion by defendants for summary judgment dismissing the complaint. Our courts have been reluctant to grant summary judgment in negligence actions. Actions in negligence do not readily lend themselves to disposition under the summary judgment rule. *(Hajder v G. & G. Moderns,* 13 AD2d 651.) In this case, our hesitancy is reinforced by the inadequacy of the record before us. On the question of liability the motion was based entirely on an affidavit of the defendant, Joyce M. Martin. She averred that on May 27, 1972 at 3:15 P.M. she was involved in an accident while proceeding westerly on Route 17C at a speed of approximately 25 miles per hour. She contended that the plaintiff's decedent walked from the shoulder of the roadway into the side of the automobile being driven by her. We cannot dismiss this action on the basis of this flimsy evidence. There are serious questions of credibility which should properly be left to the triers of the facts. Since the proof is largely testimonial, and covers an event which occurred in a brief interval of time, it may well be that close interrogation at trial may serve to weaken the evidence offered by defendant in support of the motion. (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.03.) We cannot even be certain, from the present state of the record, as to the direction the decedent was walking, and on which shoulder of the road he was walking. Furthermore, the defendant does not indicate whether or not she gave warning by sounding her horn. (Vehicle and Traffic Law, § 1154.) In short, fact questions exist as to the negligence of the defendant and the contributory negligence of the plaintiff's decedent. The act of a pedestrian crossing a street at a point other than an intersection does not, of itself, constitute contributory negligence as a matter of law *(Hogeboom v Protts,* 30 AD2d 618, 619). Plaintiff is entitled to the full benefit of his proof and all favorable inferences flowing therefrom. *(McPartland v Bitzen,* 42 AD2d 897.) The unresolved issue still remains as to whether the defendant used such reasonable precautions to avoid the accident as would ordinarily be used by a careful, prudent person under similar circumstances. (See *Barraco v De Pew,* 33 AD2d 816 and *Gerard v Inglese,* 11 AD2d 381.) As to the applicability of the doctrine of last clear chance, this is also a question which should properly await the proof at the trial. Unlike the issue of negligence,

however, which involves questions for the jury as to the facts of the occurrence and the reasonableness of the behavior of the parties involved in the accident, no issue of fact is presented on the question of the cause of decedent's death. Decedent was a sufferer of cancer prior to the accident, and unrefuted medical affidavits, including one by decedent's attending physician, indicate that cancer was the cause of death and that there was no relationship between the accident and the death. Plaintiff's papers in response to defendant's motion present nothing other than conjecture in support of the contention of causally related death. "The opponent of a motion for summary judgment must present facts having probative value sufficient to demonstrate an unresolved material issue which can be determined only at a plenary trial. It follows that the affidavits submitted to the court are insufficient if they merely set forth conclusions" (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.05c). It therefore follows that partial summary judgment dismissing the cause of action for wrongful death should have been granted. Order modified, on the law, by reversing so much of said order as granted summary judgment to the defendant and dismissed the complaint insofar as it seeks to recover for pain and suffering and medical expenses, and, as so modified, affirmed, with costs. Greenblott, J. P., Mahoney, Main, Herlihy and Reynolds, JJ., concur.