■ PATHMARK GRAPHICS INCORPORATED, Plaintiff, v J. M. FIELDS, INC., Appellant, and DENNIS N. TIMSON et al., Additional Defendants on Counterclaims-Respondents, and JACK SACS et al., Additional Defendants on Counterclaims.—Order, Supreme Court, New York County, entered March 3; 1975, denying defendant, J. M. Fields, Inc.'s, cross motion for sanctions under CPLR 3126, for partial summary judgment, for a private referee to supervise disclosure, for a commission to depose a Pennsylvania bank, and for reasonable attorney's fees, unanimously modified, on the law, to the extent of granting said defendant partial summary judgment in the amount of $20,106 on the fifth, seventh through ninth and eleventh counterclaims against Dennis N. Timson and Mary Timson, with a severance of the remainder of the claims for trial, and as so modified the order is affirmed, without costs and disbursements and without prejudice to defendant, J. M. Fields, Inc.'s, further seeking a private referee to supervise disclosure and a commission to depose the Pennsylvania bank in the court below. Examination of the record discloses that defendant J. M. Fields, Inc., is entitled to partial summary judgment in the amount of $20,106 on its claim to recover the payments made by suppliers to Dennis Timson. As sales promotion manager supervising a staff of over 30 employees and entrusted with the responsibility and discretion of placing orders and approving bills which amounted to more than $1,000,000 per annum, Dennis Timson was an agent of said defendant. Timson admitted knowledge of and subscribed to a statement of policy issued by his employer requiring that purchasing be based only on price and quality and that company employees not accept gratuities, favors or services from suppliers including borrowing money from suppliers or obtaining their indorsement or guarantee. It is axiomatic that a party who opposes summary judgment must reveal his proofs in order to show that matters set up in his answer are real and can be established upon a trial *(DiSabato v Soffes,* 9 AD2d 297). Unsigned depositions and general denials in the pleadings do not suffice as proof requisite to defeat a motion for summary judgment. The affidavit of the Timsons' counsel is not made by one having knowledge of the facts and is deficient. To defeat a motion for summary judgment, a party must bare his proof so that the court may determine the sufficiency of the defense raised *(Holdridge v Town of Burlington,* 32 AD2d 581; *Steingart Assoc. v Sandler,* 28 AD2d 801). The remainder of J. M. Fields, Inc.'s claims to recover moneys paid by suppliers to Dennis Timson and for compensation paid to Timson during the period he was abusing the fiduciary relationship, are severed. With respect to the

claim for return of compensation, it should be noted that the limits of the period of time during which Dennis Timson abused the fiduciary relationship cannot be determined on this record, and as the issues of liability and damages are inextricably intertwined, it is best to leave the entire claim for trial. The denial of J.M. Fields, Inc.'s request for supervised disclosure and for a commission to depose a certain Pennsylvania bank, in view of the history of pretrial disclosure in this litigation; and of the relief afforded above, is without prejudice to the obtaining of such relief in the court below, if so advised and as circumstances dictate. In light of the unnecessarily voluminous record and appellant's brief, costs on this appeal are denied. Settle order on notice. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.