■ STARA PLUMBING & HEATING Co., INC., Respondent-Appellant, v PETER K. KELLY CONTRACTING CORP., Appellant-Respondent, et al., Defendants.—Order, Supreme Court, New York County, entered October 12, 1977, granting plaintiff's motion for partial summary judgment on the issue of liability against defendant, Peter K. Kelly Contracting Corp., directing an assessment of damages thereon, severing the counterclaim and the action against the other defendants, and denying Kelly's cross motion to preclude, unanimously modified, on the law, by dismissing the counterclaim, striking the assessment of damages and awarding plaintiff partial summary judgment in the amount of $8,537.37 plus interest, and, as modified, otherwise affirmed, with $60 costs and disbursements of this appeal to plaintiff-respondent-appellant. Defendant Kelly entered into five construction contracts with the City of New York. In each case, Kelly also entered into five subcontracts with the plaintiff for the plumbing work. On the instant motion for partial summary judgment against Kelly, plaintiff seeks to recover $8,537.37 as the total balance due under the five subcontracts. The plaintiff has properly supported its motion by an officer's affidavit asserting that his company has fully performed under the subcontracts *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 341). Defendant Kelly, on the other hand, submitted affidavits of counsel that were of no probative value *(Pathmark Graphics v Fields, Inc.,* 53 AD2d 531, mot to dismiss app granted 40 NY2d 1093). Moreover, counsel's conclusory statements did not demonstrate any valid defense to the motion *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). He made no attempt to show that plaintiff failed to perform a particular contractual specification or that the city was otherwise dissatisfied with any phase of the plumbing work. In searching the record, we find that Kelly's defense and counterclaim are totally devoid of merit and should be stricken. Furthermore, since Kelly never disputed the amount of any bill forwarded by the plaintiff, partial summary judgment should be granted for the full balance of $8,537.37 together with appropriate interest. *(Mayer v Sulzberger,* 41 NYS2d 822; CPLR 5001, subd [c].) Settle order on notice providing suggestion for the dates from which interest is to be computed. Concur—Murphy, P. J., Birns, Silverman, Evans and Sullivan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINO GREEN, True Name HENRY DUNN, Appellant.—On remittitur from the Court of Appeals, order, Supreme Court, New York County, entered on January 24, 1975, unanimously affirmed on the opinion of Lang, J. (80 Misc 2d 626); the indictment reinstated, the judgment of said court rendered on July 19, 1972 unanimously affirmed, and the case remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). Concur—Kupferman, J. P., Lupiano, Evans and Lane, JJ.