Martha Horowitz, Appellant, v Kevah Konner, Inc., et al., Respondents.

First Department, March 22, 1979

APPEARANCES OF COUNSEL

*Irene A. Siegel* of counsel *(Julius Siegel,* attorney), for appellant.

*Michael Hirsch* of counsel *(Irving Miness,* attorney), for respondents.

### OPINION OF THE COURT

MURPHY, P. J.

Plaintiff Horowitz submitted an affidavit of merit in support of her motion for summary judgment in this negligence action. In that affidavit, plaintiff states that on December 20, 1975, she was a passenger in a chartered bus owned by defendant Kevah Konner, Inc., and operated by defendant Bowen. At about 10:45 P.M., the bus was proceeding in a southerly direction on the New York State Thruway. At that time, the Thruway was covered with snow. The plaintiff avers that the bus suddenly left the extreme right hand lane, crossed the other southerly lanes and turned over in the center mall area. Plaintiff emphasizes that defendant Bowen later pled guilty to driving the bus at a speed greater than was reasonable and prudent under the snowy conditions. A certificate of conviction under subdivision (a) of section 1180 of the Vehicle and Traffic Law is also included in the moving papers.

The doctrine of *res ipsa loquitur* must be applied under the facts of this case for two distinct reasons. First of all, since the plaintiff was a passenger in a carrier, it was incumbent upon the carrier to come forward with a reasonable explanation for the occurrence *(Plumb v Richmond Light & R. R. Co.,* 233 NY 285, 289). Secondly, in view of the fact that the bus overturned in the center mall area, it was necessary for the defendants to advance a satisfactory explanation for the incident. *(Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132,

135.) In addition, defendant Bowen's plea of guilty was an admission suggesting that he was operating the bus in a negligent manner. *(Ando v Woodberry,* 8 NY2d 165.) Hence, the plaintiff established her prima facie case through (1) the evidentiary value of her own affidavit, (2) the operability of the doctrine of *res ipsa loquitur,* and (3) defendant Bowen's admission as found in his plea of guilty.

The opponent of a properly made motion for summary judgment must present evidentiary facts sufficient to raise a triable issue of fact. *(Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264.) As is noted in the dissenting opinion, an affidavit was not submitted by defendant Bowen because he could not be located by defense counsel. The latter stresses that "this motion had already been scheduled twice before and, through the courtesy of the plaintiff's attorney, it was adjourned to the current date. In obtaining the consent adjournments, this office, at counsel's request, agreed not to request any further adjournments. Therefore, under the circumstances, in lieu of an affidavit by Mr. Bowen, I am herewith submitting a copy of the recorded statement taken by a Fireman's Fund investigator on February 3, 1976." In his affirmation in opposition, defense counsel does not request that plaintiff's motion for summary judgment be denied until the trial of this action in order to afford him the opportunity of locating defendant Bowen. Undoubtedly counsel did not make this request since, under the admitted terms of his stipulation with plaintiff's attorney, he agreed that no further adjournments would be had. Thus, in both his affirmation and his brief, defense counsel addresses himself to the merits of the evidence presented. Even if defense counsel had not entered into the subject stipulation, the defendant is under an obligation to maintain communication with his attorney and insurer in this proceeding. Plaintiff should not be forced to wait until trial simply because the defendant chooses to secrete himself and to default in the defense of this action. Of course, the hearsay affirmation submitted by defense counsel has no evidentiary significance *(Stara Plumbing & Heating Co. v Kelly Contr. Corp.,* 61 AD2d 950).

The remaining evidentiary question is whether this court should consider the transcript of an alleged conversation between an insurance investigator and defendant Bowen before the latter's disappearance. The transcript itself is unsigned. The investigator has not submitted an affidavit in

opposition to the motion nor has he in any way certified the correctness of the transcript. There is no certification from the transcriber that the transcription of the conversation is accurate. There is no indication in the record that Bowen was under oath at the time the statement was given. Therefore, it may be fairly concluded that the statement, if actually given by Bowen, was not given under oath.

Since the insurance investigator did not confirm the accuracy, authenticity and reliability of the transcript, it cannot be considered on this motion for summary judgment. (Richardson, Evidence [10th ed], §§ 635-643; cf. *Greenberg v Manlon Realty,* 43 AD2d 968.) Even if the investigator had submitted an affidavit, the transcript must be disregarded for it is not signed *(Pathmark Graphics v J. M. Fields, Inc.,* 53 AD2d 531, mot to dismiss app granted 40 NY2d 1093) nor verified (cf. *Hayduk v Mahoney Motor Sales,* 18 AD2d 703). In granting partial summary judgment in *Pathmark,* this court (including the dissenters herein) found *(supra,* p 531) that "Unsigned depositions and general denials in the pleadings do not suffice as proof requisite to defeat a motion for summary judgment." The dissent now urges that we treat the unsigned, unverified, uncertified transcript in this proceeding differently from the unsigned depositions in *Pathmark.* We disagree and find that the principle enunciated in *Pathmark,* a nonnegligence case, to be equally controlling in this negligence proceeding. For that reason, we do not assign any evidentiary significance to the transcript.

■ Ordinarily, *res ipsa loquitur* satisfies a plaintiff's duty of producing evidence sufficient to go to the jury. *(Foltis, Inc. v City of New York,* 287 NY 108, 120.) That fact in and of itself does not normally warrant nor require the granting of summary judgment to a plaintiff *(Sacramona v Scalia,* 36 AD2d 942, 943). However, the Court of Appeals noted that there may be cases where plaintiff's prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable if not rebuttted by other evidence. *(Foltis, Inc. v City of New York,* 287 NY 108, 121, *supra.)* Subsequently, the courts have granted summary judgment in certain *res ipsa* situations where the particular defendant totally failed to rebut the inescapable inference of negligence. *(Colonial Sand & Stone Co. v Tracey Towing Line,* 16 AD2d 645; *Richard Equip. Corp. v Manhattan Ind. Contr. Co.,* 9 AD2d 691; *Baroff v Becker,* 197 F Supp 9; *Silvern v Barbagallo,* 195 NYS2d 32;

see, generally, 97 ALR2d 522, Res Ipsa Loquitur—Directing Verdict.) In this proceeding, the defendants have totally failed to come forward with any competent proof to rebut the inescapable inference, established under the doctrine of *res ipsa,* that their negligence caused the plaintiff's injuries. In addition to the inescapable inference to be drawn under that doctrine, plaintiff has come forward with independent evidence of defendants' negligence, i.e., Bowen's plea of guilty

On the basis of the unchallenged evidence submitted by plaintiff, the order of the Supreme Court, New York County (SHAINSWIT, J.), entered September 5, 1978, denying plaintiff's motion for summary judgment, should be reversed, on the law, the motion for partial summary judgment against both defendants should be granted on the issue of liability and the matter should be remanded for an assessment of damage, with costs.

LUPIANO, J. (dissenting). Plaintiff, a passenger in a bus owned by defendant Kevah Konner, Inc. and operated by defendant Arthur Bowen, was injured when the bus, proceeding to New York City on the New York State Thruway, skidded and overturned. The accident occurred on December 20, 1975, at approximately 10:45 P.M. in the vicinity of Newburgh. There was snow on the Thruway, and the bus, proceeding at 20 to 25 miles per hour on a downgrade (described as median) in the extreme right lane, suddenly swerved to the left, crossed all the southerly lanes and overturned in the center mall. The operator of the bus subsequently pleaded guilty to violation of subdivision (a) of section 1180 of the Vehicle and Traffic Law which provides: "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing."

Plaintiff, in moving for summary judgment after joinder of issue, relies on the aforesaid. Defendants, in opposition, submit an affidavit of their counsel in which he declares: "This office has appeared for the defendants named, pursuant to a contractual obligation of Fireman's Fund Insurance Company to Kevah Konner, Inc. This matter was thoroughly investigated by Fireman's Fund and, at the time of the accident and the investigation, the defendant, Arthur Bowen, had been in the employ of Kevah Konner and there had been absolutely no problem in obtaining his cooperation. However, in attempt-

ing to obtain his affidavit for this particular motion, this office has discovered that Mr. Bowen has left the employ of Kevah Konner and that, thereafter, he had left the employ of his new employer. Various letters have gone unanswered and telephone calls have, likewise gone unanswered. We have assigned an investigator to devote his energies to locating Mr. Bowen. However, this motion had already been scheduled twice before and, through the courtesy of the plaintiff's attorney, it was adjourned to the current date. In obtaining the consent adjournments, this office, at counsel's request, agreed not to request any further adjournments. Therefore, under the circumstances, in lieu of an affidavit by Mr. Bowen, I am herewith submitting a copy of the recorded statement taken by a Fireman's Fund investigator on February 3, 1976."

The transcript of the recorded conversation between Bowen and the investigator discloses the operator's version of the incident: Two inches of snow lay on the Thruway, the roadway was straight where the accident occurred; traffic was light; the bus appeared to be operating properly, and the accident was precipitated by the bus hitting some ice under the snow that the operator did not see. Bowen also stated, accordingly to the transcript, that he pleaded guilty because "[y]ou have to plead guilty, that's the only way you can go on that, because if you were going one (1) mile an hour, according to the ticket, you'd still be over, going too fast. The company paid for the fine, I didn't protest it."

The majority of this court opt to grant plaintiff summary judgment because they view defendants' opposing papers as inadequate to raise an issue precluding such relief. Special Term perceptively noted that plaintiff on her papers made out a prima facie case, but that for purposes of summary judgment relief "proximate cause has not been established, on this record, unimpeachably and conclusively." I agree.

"[S]ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue" (Moskowitz v Garlock, 23 AD2d 943, 944). "It is well established that summary judgment may not be granted whenever the pleadings raise clear, well-defined and genuine issues; nor may it be granted whenever there is doubt as to the existence of a triable issue or when the issue is arguable since ' "issue-finding rather than issue-determination, is the key to the procedure" ' (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404 [1957]). This is so because the

granting of such a motion is the procedural equivalent of a trial" *(Falk v Goodman,* 7 NY2d 87, 91, emphasis supplied).

As Professor Siegel aptly notes: "The very question of whether the defendant's conduct amounts to 'negligence' is inherently a question for the fact-trier in all but the most egregious instances. Even the so-called 'rear-end' collision, the one most presumptively favorable to the plaintiff, can readily be shown to present factors necessitating trial, such as that there was an oil slick on the road that caused defendant to skid, or that the brakes gave way without any warning, or that the defendant took suddenly ill at the wheel, etc." (Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:8, p 430.)

Indeed, in *Andre v Pomeroy* (35 NY2d 361, 364) the Court of Appeals stated: "The statute directs that 'The motion shall be granted if, upon all the papers and proof submitted, the cause of action * * * shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.' (CPLR 3212, subd. [b].) Normally, if the facts are uncontested summary judgment is appropriate. However, this is not always so in negligence suits, because even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law. Thus as a practical matter summary judgment continues to be a rare event in negligence cases" (see, also, *Hajder v G. & G. Moderns,* 13 AD2d 651; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.03).

Plaintiff asserts that the transcript of the conversation between the investigator and the operator of the bus, defendant Bowen, may not be considered on this motion because it is not signed by Bowen, certified as to its correctness by the investigator or by the person who typed the transcription. This argument is made in conjunction with plaintiff's observation that without the transcript, defendants have only an attorney's affidavit without an affidavit of a party having knowledge of the facts, to wit, the bus operator. This assertion is made despite the averment that an ongoing investigation is being made to locate the operator. It is well recognized that "[r]ules of evidence should be guardedly and cautiously applied on an application for summary judgment, particularly where there are many exceptions to general rules and where the application of a rule of evidence or the exceptions thereto

can best be determined upon evidence offered at a trial" *(Exchange Leasing Corp. v Bundy,* 29 AD2d 828). As Professor Siegel states: "It is quite clear that a motion for summary judgment will not be granted if it must depend upon any proof that would be inadmissible at the trial under some exclusionary rule of evidence. But there is important case law indicating that even proof which may be inadmissible at the trial may be considered on a motion for summary judgment if it tends to defeat the motion" (Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:18, p 438). The following cases stand for the proposition that excludable evidence may be considered for the purpose of denying a summary judgment motion provided such evidence is not demonstrated beyond peradventure to be the sole evidence on which defendant might rely at trial *(Raybin v Raybin,* 15 AD2d 679; *Friese v Baird,* 36 AD2d 727; see *Phillips v Kantor & Co.,* 31 NY2d 307).

The analysis of the Court of Appeals in *Phillips v Kantor & Co.* (31 NY2d 307) is most enlightening. Therein it was noted *(supra,* p 312) that "[t]he case of *Indig v. Finkelstein* (23 N Y 2d 728) restates the rule, however, applicable to summary judgment and indicates that an affidavit setting forth names of witnesses, the substance of their testimony, how it was known what their testimony would be, and how the witnesses acquired their knowledge, might be sufficient to defeat a motion for summary judgment, without the witnesses' own affidavits *(id.,* at p. 730). In England, where summary judgment originated, the motion is decided, as in the United States, on affidavits * * * To defeat the motion the opposing party need not necessarily 'show a good defence on the merits if he can suggest some reasonable defence.' 'Hearsay evidence is not to be shut out' * * * An affidavit is not conclusive, for 'it is impossible to tell what facts may be discovered and relied on by the time the trial comes on' ". More importantly the Court of Appeals declared *(supra,* p 314): "Admittedly, a trial would seem unnecessary if it were certain, in an absolute rather than a pragmatic sense of the term, that there would be no waiver of the statute [here the Dead Man's Statute] and that all the proof would be excludable. This is not a case, however, where all the evidence might be excluded, *nor does such a case occur often, if ever"* (emphasis supplied). This record demonstrates that this transcript is not beyond peradventure the sole evidence. It may well be that at trial the

effort to locate the defendant operator will be fruitful and he will testify or that circumstances may demonstrate the admissibility of this transcript. Certainly, this court is entitled on this record to consider such transcript for purposes of denying the drastic remedy of summary judgment.*

The transcript discloses that the operator pleaded guilty to the traffic offense as a matter of convenience and under subjective circumstances at odds with an admission of negligence. While the guilty plea is admissible as evidence, such plea may be explained by the defendant operator and is for the jury to consider along with other evidence. The claim by defendant operator that in pleading guilty he in effect did not mean what he said "goes to the weight of evidence and entitles the defendant not to exclusion of the plea, but to an 'opportunity to explain' it * * * After the defendant has given his explanation, his reasons for pleading guilty, it is for the jurors to evaluate his testimony and decide whether the plea is entitled to any weight" (Ando v Woodberry, 8 NY2d 165, 171). Several explanations for the accident appear in the transcript as, for example, the presence of concealed ice. These explanations are normally for consideration by a jury as the existence of negligence and the explanation of events are for the triers of fact (see Knise v Shearer, 30 AD2d 741; Barraco v De Pew, 33 AD2d 816). Indeed, the Court of Appeals has held that whether skidding constitutes negligence is a question of fact for the jury (Pfaffenbach v White Plains Express Corp., 17 NY2d 132, 136). As noted by former Chief Judge BREITEL: "The Pfaffenbach case held that skidding established on behalf of a passenger a prima facie case of negligence against an operator defendant and presented an issue of fact for the jury" (Andre v Pomeroy, 35 NY2d 361, 367, supra, emphasis supplied).

Regarding the majority's invocation of the doctrine of res ipsa loquitur, the following observations are pertinent: The fact that the bus suddenly swerved from its traffic lane and overturned in the center mall is nothing more than a circumstance making out a prima facie case entitling the plaintiff to go to the jury on the issue of negligence, and from which the jury is permitted to infer negligence (see Pfaffenbach v White Plains Express Corp., supra; cf. Lahr v Tirrill, 274 NY 112).

---

* Defendants' counsel's affidavit is analogous to the affidavit discussed in Indig v Finkelstein (23 NY2d 728, supra) because it, in effect, purports to set forth the substance of the bus operator's testimony.

"It appears that, strictly speaking, res ipsa loquitur is an evidentiary rule which merely permits an inference of negligence and satisfies the plaintiff's duty of producing evidence sufficient to go to the jury, but does not create a full presumption and is ordinarily not sufficient, even where the defendant produces no evidence in contradiction or rebuttal, to entitle the plaintiff to the direction of a verdict. In other words, the rule of res ipsa loquitur is a matter of inference rather than presumption, and the inference is one which the jury may draw from the happening of the accident but is not required to draw, even if the defendant offers no countervailing proof" (41 NY Jur, Negligence, § 89, pp 108-109). This view is echoed in *Pfaffenbach* wherein it is pointedly stated: "In such a situation, showing this [a car swerving across the road] and nothing more, a case of negligence is made out prima facie sufficient to go to the jury to determine liability. The explanation of the defendant, if he gives one, will also usually be for the jury" *(Pfaffenbach v White Plains Express Corp., supra,* p 135).

What the majority rely on as the critical circumstance, that is, a circumstance other than the mere fact of the bus swerving unexpectedly across the road, is the defendant operator's guilty plea to subdivision (a) of section 1180 of the Vehicle and Traffic Law which, without explanation, is a matter permitting an inference which a jury may draw that the bus driver was operating the bus in a negligent manner, but is not necessarily required to draw. The evaluation of such evidence is for the jury. The Court of Appeals pertinently stated *(Ando v Woodberry,* 8 NY2d 165, 171, *supra)* regarding the admissibility *at trial* of evidence in a negligence action consisting of a guilty plea to a violation of the Vehicle and Traffic Law: "As this court wrote some years ago with respect to extra-judicial admissions, *it is for the jury,* noting 'the conditions and circumstances under which [such admissions] were made', to determine their 'effect * * * and their probative weight and value, which may range from the lowest, or none at all, to conclusiveness.' *(Gangi v. Fradus,* 227 N.Y. 452, 457)" (emphasis supplied).

While it is clear that on her motion for summary judgment, plaintiff has made out a prima facie case (supported by the *res ipsa* doctrine and the defendant operator's guilty plea), it does not follow, *ipso facto,* that plaintiff is entitled to summary judgment. It suffices at this juncture merely to reiterate that

the issue of negligence is inherently a question for the fact trier (a jury in most instances) and, as a practical matter, summary judgment is a rare event in negligence cases. What is most disturbing about the majority's rationale is that, although it implicitly recognizes the role of the fact trier (the jury) it would grant summary judgment which is, on the law, on a record wherein there is an explanation by the defendant bus operator, albeit apparently couched in excludable evidence in the context of this record. Reliance on nonnegligence cases —*Pathmark Graphics v J. M. Fields, Inc.* (53 AD2d 531, mot to dismiss app granted 40 NY2d 1093) and *Stara Plumbing & Heating Co. v Kelly Contr. Corp.* (61 AD2d 950) wherein the affidavits in opposition to motions for summary judgment contain conclusory assertions and run afoul of the tenet that a party who opposes summary judgment must reveal his proofs in order to show that matters set up in his answer are real, does not suffice as an answer to the views expressed in this dissent.

Indeed, the only justification presented by the majority for the awarding of summary judgment on this record is that plaintiff should not have to wait for trial. There is no justification on this record for the assertion by the majority that the defendant operator chose "to secrete himself and to default in * * * this action". There is no default and there is no showing of a nefarious attempt to cheat plaintiff of her day in court and, from plaintiff's viewpoint, a well-earned favorable judgment.

Recently the Court of Appeals had occasion to reiterate the parameters of summary judgment as a remedy in negligence cases: "That summary judgment is an available remedy in an *appropriate* negligence case has been accepted since 1959 (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.03). Summary judgment has been termed a drastic measure, however, since it deprives a party of his day in court and will normally have *res judicata* effects (see Siegel, NY Prac, § 287). Thus, it may be granted without a trial only if no genuine, triable issue of fact is presented *(Werfel v Zivnostenska Banka,* 287 NY 91; CPLR 3212, subds [b], [c]). Negligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination. Only if it can be concluded as a matter of law that defendant was negligent, may summary

judgment be granted in a negligence action * * * Plaintiff places considerable reliance upon our latest statement in this area of the law, *Andre v Pomeroy* (35 NY2d 361). Her reliance is apparently based more on the specific result in that case than on its rationale, and is hence sorely misplaced * * * We concluded in that case that *in light of the conceded unusual facts* it was proper to find as a matter of law that defendant was negligent, and thus to award plaintiff summary judgment. *Andre* did not serve as a departure from prior law, nor was it intended as a signal that the prerequisites for a grant of summary judgment had been further modified. Rather, it indicates merely that if the admitted facts are such that no conclusion other than negligence can be drawn, summary judgment is not precluded in a negligence action. We cautioned, however, that even in those negligence cases in which 'the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law' (35 NY2d, at p 364). Accordingly, we declared that 'when the suit is founded on a claim of negligence, the plaintiff will generally be entitled to summary judgment "only in cases in which there is *no conflict at all in the evidence,* the defendant's conduct *fell far below any permissible standard of due care,* and the plaintiff's conduct either was not really involved (such as with a passenger) or was clearly of exemplary prudence in the circumstances" ' (35 N Y 2d, at pp 364-365, quoting 4 Weinstein-Korn-Miller, N Y Civ Prac, par 3212.03)" *(Ugarriza v Schmieder,* 46 NY2d 471, 473-474, 475-476; emphasis supplied). Simply put, the record herein will not admit of such unseemly rush to judgment as is advocated by the majority.

Legal precedent, reason and common sense dictate that on this record Special Term properly denied plaintiff's motion for summary judgment. Accordingly, the order of Supreme Court, New York County (SHAINSWIT, J.), entered September 5, 1978, which denied plaintiff's motion as to the issue of liability should be affirmed.

KUPFERMAN and EVANS, JJ., concur with MURPHY, P. J.; BIRNS and LUPIANO, JJ., dissent in an opinion by LUPIANO, J.

Order, Supreme Court, New York County, entered on September 5, 1978, reversed, on the law, the motion for partial summary judgment against both defendants granted on the

issue of liability and the matter remanded for an assessment of damages. Appellant shall recover of respondents $75 costs and disbursements of this appeal.