■    HANSEN PUBLICATIONS, INC., Respondent, v HAROLD GOYDEL et al., Respondents, and ARTURO RAINERMANN, Appellant.—Order, Supreme Court, New York County, entered March 2, 1978, granting plaintiff summary judgment against defendant Rainermann on its claim for compensatory damages and setting the matter down for an assessment, reversed, on the law, with one bill of costs, and the motion for summary judgment denied. This action arises out of the conversion by defendant Rainermann of musical publications belonging to plaintiff. Rainermann, a vice-president of plaintiff, is alleged to have conspired with the other defendants to remove sheet music and music books from plaintiff's warehouse and to ship them to one of the defendants, billing it therefor at a fraction of the true value. Ultimately, the conspiracy was disclosed and as a result, Rainermann was indicted in the United States District Court for the Southern District of Florida for shipment of stolen goods in interstate commerce. Rainermann thereafter pleaded guilty to the charge. Special Term granted summary

judgment based upon this admission by plea. Rainermann contends, among other things, that after the disclosure of the conspiracy, he issued to the president of plaintiff, a check in the sum of $100,000 in full settlement and satisfaction of all claims arising out of the conversion. While no copy of the check has been submitted to us, plaintiff concedes that a payment was made. However, it contends that such restitution was partial "and with respect to other unlawful misappropriations of [plaintiff's] property". Whether such transaction which took place between plaintiff and Rainermann was an accord and satisfaction which completely wiped out Rainermann's liability to plaintiff, or merely partial restitution, cannot be determined on papers. A trial is necessary in order completely to explore the facts. Concur—Sandler, Bloom, Lane and Lupiano, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm. The plea of guilty was an admission that the defendant Rainermann converted the sheet music and music books. *(Ando v Woodberry,* 8 NY2d 165; *Horowitz v Kevah Konner, Inc.,* 67 AD2d 38.) Accordingly, it was incumbent upon the said defendant to set forth facts which would contravene the prima facie case against him. He contended that after the disclosure of the conspiracy, he gave a check in the sum of $100,000 in full settlement and and satisfaction of the claim. No check or copy thereof or settlement agreement have been submitted on this motion, and it strains credulity for us to assume that a transaction in that large an amount would not have some evidentiary basis for submission. It need not be reiterated that the opponent of a properly made motion for summary judgment must present facts sufficient to raise a triable issue. *(Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264.) The court at Special Term quite properly directed an assessment of damages, at which time the defendant could show that a payment, if any, was made.