■ EASTERN STATES PAINT & VARNISH Co., Respondent-Appellant, v HUDSON MAINTENANCE CORP., Appellant-Respondent.—In an action for

goods sold and delivered, the parties cross-appeal from an order of the Supreme Court, Queens County, dated September 29, 1978, which denied their respective motions for summary judgment. Order modified, on the law, by deleting therefrom the provision which denied plaintiff's cross motion for summary judgment and substituting therefor a provision granting the cross motion for summary judgment. As so modified, order affirmed, with $50 costs and disbursements to plaintiff. The defendant's letter to plaintiff's attorney clearly shows that there is no triable issue of fact in this case sufficient to defeat plaintiff's claim. The defendant stated therein: "The truth of the matter is, that our present financial situation is so strained, that it is virtually impossible for us to swallow this paint without any outlet for its use. We ask that Eastern States be a little patient for a while longer in order that we may look into other avenues of disposing of this material." In addition, we note that the defendant's officer, in his affidavit, makes conclusory statements and fails to name representatives of plaintiff or the time and place he alleges he had conversations with them. Thus, defendant has failed to lay bare sufficient proof to enable the court to determine that a trial is warranted (see *Pathmark Graphics v J. M. Fields, Inc.,* 53 AD2d 531, mot to dismiss app granted 40 NY2d 1093). It is apparent that "the issue [claimed to exist] is not genuine, but feigned, and that there is in truth nothing to be tried" (see *Curry v Mackenzie,* 239 NY 267, 270). Summary judgment should therefore have been granted to plaintiff on its cross motion (see *Di Sabato v Soffes,* 9 AD2d 297). Mollen, P. J., Hopkins, Titone, O'Connor and Shapiro, JJ., concur.