OPINION OF THE COURT
James A. Gowan, J.
 Motion by plaintiff in this matrimonial action for summary judgment pursuant to CPLR 3212 is granted.
The two grounds for divorce alleged by the plaintiff wife in her complaint are the commission of adultery by the defendant and his acts of cruel and inhuman treatment. Defendant interposed an unverified answer consisting of a general denial. In support of this application, plaintiff has submitted a certified copy of the judgment convicting the defendant of four counts of sodomy in the third degree and one count of rape in the third degree. All of the acts upon which the convictions were based were committed between July 24, 1975 and August 7, 1975, which period occurred during the marriage of the parties.
The only affidavit submitted in opposition is that of defendant’s attorney, who asserts that since the criminal proceeding did not afford defendant the opportunity to establish plaintiff’s possible condonation of or consent to his acts, and since plaintiff’s allegations do not negate the existence of such affirmative defenses to the cause of action based on adultery, triable issues of fact exist which preclude the granting of the requested relief.
Plaintiff correctly contends that defendant’s convictions for rape and sodomy committed during the term of the marriage establish that he committed adultery. Adultery, as defined in *672 subdivision (4) of section 170 of the Domestic Relations Law, has the following four elements: (1) commission of an act of sexual or deviate sexual intercourse (including, but not limited to, sexual conduct defined in Penal Law, § 130.00, subd [2]); (2) voluntarily performed by the defendant; (3) with a person other than the plaintiff; (4) after the marriage of the parties.
Defendant’s sodomy convictions establish his voluntary (Penal Law, § 15.10) commission of acts of deviate sexual intercourse (Penal Law, § 130.40) with a person other than the plaintiff in this action (Penal Law, § 130.00, subd 2), during the marriage of the parties.
Similarly, defendant’s rape conviction establishes his voluntary (Penal Law, § 15.10) commission of an act of sexual intercourse (Penal Law, § 130.25) with a person other than his wife, the plaintiff in this action (Penal Law, § 130.00, subd 4) during the marriage of the parties.
These prior criminal convictions conclusively establish the underlying issues adjudicated therein. The facts upon which those convictions rest are the identical facts asserted by plaintiff to establish her cause of action based on adultery and the defendant is collaterally estopped from relitigating issues previously determined in conformity with the safeguards imposed in a criminal action. (S. T. Grand, Inc. v City of New York, 32 NY2d 300; Read v Sacco, 49 AD2d 471.)
Once the plaintiff has "established the facts underlying [her] cause of action by documentary evidence, it [is] incumbent upon the defendant to come forward with proof of evidentiary facts showing the existence of a genuine and substantial issue in order to defeat summary judgment.” (Federal Deposit Ins. Corp. v A-Leet Commercial Servs., 70 AD2d 627.) The opposing affidavit of an attorney without personal knowledge of the facts is totally insufficient to meet this burden and must be disregarded. (Chickering v Colonial Life Ins. Co. of Amer., 51 AD2d 566.)
In any event, defense counsel’s attempt to inject questions of fact based on plaintiff’s possible condonation or consent is ill conceived. Subdivision 2 of section 171 of the Domestic Relations Law makes it clear that only the voluntary cohabitation of the parties evidences forgiveness by the plaintiff. The allegation contained in paragraph 9(d) of the complaint that the defendant "beat the plaintiff to compel her to have sex with him”, even if construed to include periods subsequent to *673 the occurrence of defendant’s adultery, negates rather than supports the voluntary element of the defense of condonation.
Moreover, condonation and consent are affirmative defenses which must be pleaded and proved by the defendant. (Clark v Clark, 272 App Div 1035.) Although an unpleaded defense may form the basis for denial of a motion for summary judgment (see, e.g., Furlo v Cheek, 20 AD2d 939; Rizzi v Sussman, 9 AD2d 961; Raymond Car Sales v Motor Wholesalers, 28 Misc 2d 1), it may not rest solely on surmise and conjecture totally devoid of evidentiary facts showing the existence of a bona fide issue requiring trial. (Rosenberg v Del-Mar Div., Champion Int. Corp., 56 AD2d 576; Braun v New York Life Ins. Co., 55 AD2d 99.) Finally, the general denials contained in defendant’s answer also do not suffice. (Pathmark Graphics v J. M. Fields, Inc., 53 AD2d 531.)
Accordingly, since the complaint establishes the court’s subject matter jurisdiction, summary judgment is granted to the plaintiff on her first cause of action. Since the defendant is presently incarcerated, the issues of custody, visitation, alimony and child support are referred to the Family Court, to be held in abeyance pending defendant’s release from custody.