■ BIG APPLE LEASING CORP., Appellant, v NARDA MICROWAVE CORP., Respondent.—In an action to recover damages, *inter alia,* for tortious interference with business operations, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), entered January 10, 1990, as denied its motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment as to liability is granted.

In this action, the parties had a continuing agreement whereby the plaintiff, a corporation engaged in the transportation of nonhazardous waste, would remove and transport particular items of the defendant's nonhazardous waste, including oil-soaked debris. The defendant was aware that the plaintiff was unlicensed to remove hazardous waste. However, on March 24, 1988, the defendant loaded the plaintiff's truck with barrels that were later discovered to contain a hazardous substance in addition to oil-soaked metal shavings. Criminal charges were brought against both parties and the defendant pleaded guilty to attempted unlawful dealing in hazardous waste in the first degree (ECL 71-2727). The plaintiff then commenced the instant action against the defendant.

Since the defendant was in the better position to analyze the waste and insure that only nonhazardous waste was made

available for removal by the plaintiff, the defendant owed the plaintiff a duty to exercise reasonable care to give the plaintiff only nonhazardous waste.

Further, the defendant is collaterally estopped in the present litigation from relitigating the issue of whether it gave the plaintiff the barrels which were later discovered to contain hazardous waste, because this issue was raised and necessarily resolved against the defendant when it pleaded guilty in the County Court, Suffolk County, to attempted unlawful dealing of hazardous waste in the first degree (see, *Richard L. v Armon,* 144 AD2d 1). In its plea allocution, the defendant admitted that it had given the plaintiff the barrels, which were later discovered to contain hazardous waste, and knew that the plaintiff was unlicensed to remove hazardous waste. Further, the plaintiff presented admissible evidentiary proof that the plaintiff's truck loaded with the barrels was driven directly from the defendant's premises to the plaintiff's premises where it was immediately seized by the police. Therefore, the plaintiff had no opportunity to place hazardous waste into the barrels, and the defendant must have placed the hazardous waste into the barrels before it gave them to the plaintiff. The defendant failed to present any admissible evidentiary proof that an issue of fact existed. It only made an unsubstantiated allegation that the plaintiff could have placed the hazardous waste into the barrels (see, *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). Thus, summary judgment in the plaintiff's favor on the issue of liability is warranted (see, *Foltis, Inc. v City of New York,* 287 NY 108, 121; *Horowitz v Kevah Konner, Inc.,* 67 AD2d 38). Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.