John F. DOUGHERTY, Jr.,
et al., Plaintiffs,

v.

NYNEX CORPORATION,
et al., Defendants.

Civ. No. 93–206–P–H.

United States District Court,
D. Maine.

Oct. 6, 1993.

---

Richard B. Romanow, Portland, ME, for plaintiffs.

Lisa Birkdale, New England Tel. & Tel., Boston, MA, for defendants.

---

ORDER ON DEFENDANTS NYNEX AND NEW
ENGLAND TELEPHONE'S MOTION TO DISMISS
OR FOR SUMMARY JUDGMENT

HORNBY, District Judge.

In a previous lawsuit by these two plaintiffs against these two defendants,[1] the defendants moved to dismiss the action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. The defendants in that earlier lawsuit relied upon preemption arguments under section 301 of the Labor Management Relations Act, failure to allege a violation of section 301 and a bar by the state workers' compensation statute. The plaintiffs failed to respond to that motion to dismiss. Local Rule 19(c) provides that, if a party fails to respond to a motion, it "shall be deemed to have waived objection." Thus, in effect, the plaintiffs consented to the defendants' motion in that earlier case to dismiss their complaint for failure to state a claim upon which relief could be granted. As a result, on May 12, 1993, the motion was granted under Local Rule 19.

The plaintiffs have now filed this lawsuit against these defendants.

Fed.R.Civ.P. 41(b) provides: "Unless the court in its order for dismissal otherwise specifies, ... any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under [Fed.R.Civ.P.] Rule 19, operates as an adjudication upon the merits." The defendants have therefore filed a motion to dismiss on the grounds of claim preclusion by virtue of the earlier dismissal.

The dismissal of the earlier lawsuit qualifies as a dismissal "not provided for" under Fed.R.Civ.P. 41. Since the dismissal resulted from the plaintiffs' implied consent to the motion to dismiss for failure to state a claim and since the motion was based upon preemption, failure to allege a section 301 cause of action and a bar by a state statute, it was *not* "a dismissal for lack of jurisdiction, improper venue or failure to join a party."

Consequently, Rule 41(b) clearly provides that the earlier dismissal operated as an adjudication upon the merits.[2]

The plaintiffs do not argue that their new lawsuit can escape the doctrine of claim preclusion if the earlier action was in fact disposed of on the merits. Instead, they focus their entire argument on maintaining that the earlier disposition did not amount to a ruling on the merits. Since I have concluded that the earlier action was adjudicated on the merits, it follows that this action is precluded.

Therefore, the defendants' motion to dismiss is GRANTED.

The motion for Rule 11 sanctions, however, is DENIED. Unlike the situation in my ruling on IBEW's motion, the plaintiffs have opposed this motion and provided a marginally plausible, though ultimately unsuccessful, basis for their position.

SO ORDERED.

---

1. A third defendant, the International Brotherhood of Electrical Workers, not a party to the first action, has already been dismissed.

2. The same result would be reached if the earlier dismissal were treated not as a consensual dismissal under Local Rule 19, but a dismissal for failure to prosecute. Then, under Fed.R.Civ.P. 41(b), the dismissal would be "a dismissal under this subdivision" and the same result would ensue according to the language of that Rule.