Richard L. ANDREWS,
et al., Plaintiffs

v.

AMERICAN RED CROSS BLOOD
SERVICES, NEW ENGLAND
REGION, Defendant

No. 02–113–B.

United States District Court,
D. Maine.

March 6, 2003.

Brett D. Baber, Baber & Weeks, Bangor, ME, for Richard L Andrews, plaintiff.

William C. Knowles, Verrill & Dana, Portland, ME, for American Red Cross Blood Services, defendant.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, Chief Judge.

The United States Magistrate Judge filed with the Court on February 4, 2003 his Recommended Decision. Plaintiffs filed their objections to the Recommended Decision on February 13, 2003 and Defendant filed its response to those objections on March 3, 2003. I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Magistrate's Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.

1. It is therefore *ORDERED* that the Recommended Decision of the Magistrate Judge is hereby *AFFIRMED*.

2. It is further *ORDERED* that defendant's motion to dismiss the claim of plaintiff Mary Andrews for constructive discharge and for partial summary judgment on the claims of plaintiff Richard Andrews arising out of his termination by the defendant is *GRANTED*.

## RECOMMENDED DECISION ON DEFENDANT'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS

DAVID M. COHEN, United States Magistrate Judge.

The defendant, American Red Cross Blood Services, New England Region, moves for dismissal of the claims of one of the two plaintiffs, Mary Andrews, insofar as they are based on a claim of constructive discharge, and for summary judgment on the claims of plaintiff Richard L. An-

drews insofar as those claims are based on termination of his employment. Defendant's Motion for Partial Summary Judgment Against Plaintiff Richard L. Andrews, etc. ("Motion") (Docket No. 25) at 1. In their opposition to the motions, the plaintiffs contend that the defendant is not entitled to summary judgment on their claims of hostile work environment, Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Partial Summary Judgment ("Opposition") (Docket No. 28) at 9–14, but the defendant's reply does not address those claims, Reply Memorandum of Law in Support of Motions ("Reply") (Docket No. 30), so those issues are not before the court in connection with this motion. I recommend that the court grant the motions as originally set forth by the defendant.

## I.  The Motion to Dismiss

### A.  Applicable Legal Standard

The motion to dismiss Mary Andrews' claim of constructive discharge invokes Fed.R.Civ.P. 12(b)(6). Memorandum of Law in Support of Motions ("Defendant's Memorandum") (attached to Docket No. 25) at 10–11. "When evaluating a motion to dismiss under Rule 12(b)(6), [the court] take[s] the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in h[er] favor." *Pihl v. Massachusetts Dep't of Educ.*, 9 F.3d 184, 187 (1st Cir.1993). The defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *Roma Constr. Co. v. aRusso*, 96 F.3d 566, 569 (1st Cir.1996); *see also Tobin v. University of Maine Sys.*, 59 F.Supp.2d 87, 89 (D.Me.1999).

### B.  Factual Background

The complaint includes the following relevant factual allegations. Mary Andrews was married to Richard L. Andrews at all relevant times. Complaint (Docket No. 1) ¶ 7. Both plaintiffs were employed by the defendant in its donor center in Bangor, Maine. *Id.* ¶ 8. In November 2000 Richard Andrews terminated a brief consensual relationship with a co-worker, who thereafter continued to harass him in an effort to maintain a sexual relationship. *Id.* ¶¶ 9–10. Both plaintiffs repeatedly requested the defendant's supervisory personnel to act to end this harassment, but they refused to do so. *Id.* ¶ 11–12. In the spring of 2000 other co-workers circulated false rumors concerning Richard Andrews and the co-worker. *Id.* ¶ 13. Despite request from the plaintiffs, the defendant's supervisors refused to take action to end the rumors. *Id.* ¶¶ 15–16. When Richard Andrews asked one female employee to stop spreading rumors, she became angry and he allegedly pushed her with a finger. *Id.* ¶ 17. The defendant terminated Richard Andrews' employment in April 2001 due to this incident. *Id.* ¶ 18. Richard Andrews eventually had to move out of the state of Maine in order to obtain similar employment. *Id.* ¶ 21. Because her husband had to leave the state, Mary Andrews was forced to resign from her employment with the defendant. *Id.* ¶ 22.

### C.  Discussion

The complaint alleges, *inter alia*, that Mary Andrews was forced to resign because her husband had to leave the state in order to obtain similar employment "resulting in a constructive discharge." Complaint ¶ 22. The defendant contends, Defendant's Memorandum at 10–11, that this allegation fails to state a claim of constructive discharge under 42 U.S.C. § 2000e–2(a) and 5 M.R.S.A. § 4571 *et seq.*, the statutory grounds for relief asserted in the complaint, Complaint ¶¶ 27, 30.[1] The

---

1.  The Maine Human Rights Act, 5 M.R.S.A. § 4551 *et seq.*, is interpreted under a standard

plaintiffs do not respond to this argument, discussing only Mary Andrews' claim for sexual discrimination based on a hostile work environment. Opposition at 13–14. Failure to respond to a motion to dismiss means that opposition to the motion is waived, Local Rule 7(b), and the motion may be granted for that reason alone, *Dougherty v. Nynex Corp.*, 835 F.Supp. 22, 23 (D.Me.1993).

■ Even if this procedural default did not exist, the defendant would be entitled to dismissal. With respect to constructive discharge, the complaint fails to state a claim on behalf of Mary Andrews. The fact that Mary Andrews found it necessary to resign in order to follow her husband out of state, even assuming that her husband's move was caused by the defendant's wrongful conduct, does not satisfy the elements of a claim of constructive discharge of Mary Andrews under applicable federal law or state law. *See, e.g., Calhoun v. Acme Cleveland Corp.*, 798 F.2d 559, 561 (1st Cir.1986) (constructive discharge exists when working conditions so difficult or unpleasant that reasonable person in employee's shows would have felt compelled to resign). This claim cannot reasonably be construed to be based at all on Mary Andrews' working conditions. Accordingly, the defendant would be entitled to dismissal under Rule 12(b)(6) even if the plaintiffs had not waived any opposition to the motion.

## II. The Motion for Partial Summary Judgment

### A. Applicable Legal Standard

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

identical to that applicable to claims asserted under its federal counterpart, 42 U.S.C. § 2000e–2, with respect to the necessary elements of claims of discrimination. *Green v.*

as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.'" *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93–94 (1st Cir.2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir.2000). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted); Fed.R.Civ.P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir.2001) (citation and internal punctuation omitted).

*New Balance Athletic Shoe, Inc.*, 182 F.Supp.2d 128, 135 (D.Me.2002); *Bishop v. Bell Atlantic Corp.*, 81 F.Supp.2d 84, 90 n. 6 (D.Me.1999).

## B. Factual Background

The parties' statements of material facts, submitted pursuant to Local Rule 56, include the following undisputed material facts. The defendant maintained a facility in Bangor, Maine for the collection of blood from donors. Statement of Undisputed Material Facts in Support of Defendant's Motion for Partial Summary Judgment, etc. ("Defendant's SMF") (Docket No. 26) ¶ 1; Plaintiff's Statement of Material Facts ("Plaintiff's Responsive SMF") (Docket No. 29) ¶ 1. Collection from blood donors occurred at the Bangor facility and at other locations where the defendant's personnel set up and operated mobile blood collection facilities. *Id.* ¶ 2. In March 2001 plaintiff Richard L. Andrews ("Andrews") was employed by the defendant as a mobile unit assistant working out of the Bangor location. *Id.* ¶ 3. At that time, the defendant maintained a policy entitled "Work Place Violence Guidelines." *Id.* ¶ 4.

The Work Place Violence Guidelines ("Guidelines") were distributed to employees in January 2000, at which time Andrews acknowledged receiving a copy. *Id.* ¶¶ 5, 9. Under the Guidelines, it was the defendant's policy that its employees "shall not use threat or commit acts of violence, against other employees, members of management, or visitors to the Program." *Id.* ¶ 5. The Guidelines stated that it was a violation of the defendant's policy for an employee to engage in conduct that is violent, or constitutes a threat of violence, whether physical or psychological. *Id.* ¶ 6. The Guidelines specifically identified as prohibited conduct an assault or threat of assault against any other person. *Id.* ¶ 7.

The Guidelines stated, *inter alia:* "Any supervisor, agent or other employee who has been found by the Program to engage in violence will be subject to appropriate discipline up to and including termination of employment." *Id.* ¶ 8.

On March 27, 2001 Andrews was involved in an incident with a fellow employee, Sharon Simpson, during a mobile blood collection drive at the Maine Maritime Academy in Castine, Maine, during which he touched Simpson. *Id.* ¶ 10. On March 28, 2001 Michael Bertoncini, the defendant's labor and employee relations manager, was informed that Andrews had been involved in an incident the previous day during which he allegedly struck a female employee. *Id.* ¶ 11. Bertoncini immediately began an investigation of this incident, during which he interviewed witnesses in Bangor, including both plaintiffs and Simpson. *Id.* ¶¶ 12–13, 15. Bertoncini also reviewed Andrews' file and other documents. *Id.* ¶ 17. Each interviewee reviewed, revised and acknowledged the accuracy of the notes of Bertoncini's interviews. *Id.* ¶ 16. Bertoncini concluded that Andrews had violated the Guidelines by striking Simpson in the chest with his finger on March 27, 2001. *Id.* ¶ 18. He also concluded that Andrews had engaged in other conduct that violated the Guidelines. *Id.* ¶ 19.[2] Bertoncini decided that Andrews' employment would be terminated for violation of the Guidelines and so informed Andrews in a letter dated April 6, 2001. *Id.* ¶ 20.

Simpson filed a complaint with the Maine State Police related to her encounter with Andrews on March 27, 2001. *Id.*

---

2. The plaintiffs respond that they "dispute the veracity of these findings," Plaintiffs' Responsive SMF ¶ 19, but provide no citation to the summary judgment record in support of this assertion. Pursuant to this court's Local Rule 56(e), the assertion in the defendant's statement of material facts must therefore be deemed admitted, because it is supported by the citation to the summary judgment record given by the defendant. In any event, the relevant fact here is that Bertoncini reached the conclusion stated, not the objective truth of the conclusion itself.

¶ 21. Andrews was charged by the district attorney with two Class D misdemeanors, assault and terrorizing. *Id.* ¶¶ 22–23. On August 20, 2001 Andrews was convicted of assaulting Simpson. *Id.* ¶ 24.[3]

### C. Discussion

The defendant seeks summary judgment on both counts of the complaint, in which Andrews asserts violations of 42 U.S.C. § 2000e–3 (often referred to as "Title VII") and the Maine Human Rights Act, 5 M.R.S.A. 4571 *et seq.*, insofar as those counts are based on the termination of Andrews' employment. Defendant's Memorandum at 5. As previously noted, these claims are subject to the same legal standard and thus will be discussed together here.

The plaintiffs present Andrews' claim concerning his termination as one of alleged unlawful retaliation for his reports of alleged sexual harassment directed at him by another employee of the defendant. Opposition at 5–9. To this end, they have submitted evidence, undisputed by the defendant for purposes of the summary judgment motion, that: Andrews was subjected to unwelcome sexual advances by a co-worker, which he reported to his superiors on many occasions; his superiors refused to address the situation, even after the plaintiffs obtained a protection-from-harassment order against this co-worker from the Maine District Court; Simpson circulated rumors concerning Andrews and this co-worker and relayed messages to him from her; his superiors directed Andrews to talk to other employees who were gossiping about him and to ask them to stop; and Andrews was talking to Simpson about the rumors on March 27, 2001 when the assault took place. Plaintiffs' Statement of Material Facts, Additional Material Facts ("Plaintiffs' SMF") (beginning at page 3 of Plaintiffs' Responsive SMF) ¶¶ 2–13; Reply Statement of Material Facts in Support of Defendant's Motion for Partial Summary Judgment, etc. ("Reply SMF") (Docket No. 31) ¶¶ 2–13.

Well-established case law requires that a plaintiff alleging retaliatory discharge in violation of Title VII demonstrate the existence of a *prima facie* case, following which the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the discharge; if the employer does so, the burden returns to the employee to demonstrate that the employer's stated reason was pretextual. *Muehlhausen v. Bath Iron Works,* 811 F.Supp. 15, 19 (D.Me.1993), and cases cited therein. To demonstrate a *prima facie* claim, the plaintiff must show

1) protected participation or opposition under Title VII known by the alleged retaliator;

2) an employment action or actions disadvantaging persons engaged in protected activities; [and]

3) a causal connection between the first two elements that is a retaliatory motive playing a part in the adverse employment actions.

---

**3.** The defendant has submitted an attested copy of the docket sheet in the Maine District Court action in which Andrews was charged which includes, after the date "08/21/2001" the statement: "Charge(s): 1 [Assault], PLEA—GUILTY ENTERED BY DEFENDANT ON 08/20/2001." Docket Record, *State of Maine v. Richard L. Andrews,* Docket No. ELLDC–CR–2001–00630, Maine District Court (Ellsworth), Exh. C to Affidavit of Michael Bertoncini in Support of Motion for Partial Summary Judgment (Docket No. 27), at 1. Andrews asserts that he did not plead guilty but rather was found guilty after trial. Affidavit of Richard Andrews (Docket No. 19) ¶ 30. This dispute is irrelevant for purposes of the motion for partial summary judgment, because, however the criminal judgment was reached, it estops Andrews from asserting that he did not in fact assault Simpson. *Robinson v. Globe Newspaper Co.,* 26 F.Supp.2d 195, 199 (D.Me.1998).

*Id.* Here, the plaintiffs have offered evidence of the first element and the discharge of Andrews is an adverse employment action. With respect to the third element, for purposes of summary judgment the temporal proximity of the discharge to the alleged complaints of sexual harassment is sufficient. *Id.* at 20.

The defendant has offered sufficient undisputed material evidence of a legitimate, nondiscriminatory reason for the discharge. The only remaining issue accordingly is the question whether the plaintiffs have offered sufficient evidence to demonstrate the possibility that the defendant's proffered reason is pretextual. This may be done by showing that the employer's proffered reason is unworthy of credence or by showing that a discriminatory reason more likely motivated the employer than the proffered reason.[4] *Id.* Here, the evidence would not allow a rational factfinder to conclude that the defendant's proffered reason – Andrews' assault on Simpson – is unworthy of credence. Accordingly, I examine the plaintiffs' contention that the evidence shows that the defendant was more likely motivated by a discriminatory reason than by its determination that Andrews had violated the Guidelines in a manner that justified his termination.

The plaintiffs offer as evidence of pretext allegedly disparate treatment of Andrews by the defendant in comparison with its treatment of the co-worker whom Andrews alleged was sexually harassing him. Opposition at 8.[5] Disparate treatment may provide evidence of pretext, *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 19 (1st Cir.1989), but only upon a showing that the plaintiff was treated differently from persons situated similarly in all relevant aspects, *Smith v. Stratus Computer, Inc.,* 40 F.3d 11, 17 (1st Cir.1994). Here, the alleged fact that Andrews' co-worker violated the Guidelines, Plaintiffs' SMF ¶ 19, is insufficient to meet this burden for at least two reasons. First, the allegation is conclusory and unsupported by a citation to the summary judgment record. It is not the court's burden to sift through the summary judgment record and compare the co-worker's alleged conduct to the defendant's policy to determine whether this is in fact the case; it is the plaintiffs' burden to identify the factual basis in the summary judgment record for this contention. Even if this procedural fault were not conclusive, however, the facts alleged by the plaintiffs fail to demonstrate that the co-worker and Andrews were similarly situated in all relevant aspects. The only actions by the co-worker included in the plaintiffs' statement of material facts that could possibly be construed as violations of the Guidelines [6] are "unwelcome sexual advances" toward Andrews by the co-worker, "numerous instances of sexual behavior by [the co-work-

---

4. The plaintiffs contend that this issue must always be resolved by a jury or factfinder at trial. Opposition at 6–7. This contention is clearly incorrect. *See, e.g., Gonzalez v. El Dia, Inc.,* 304 F.3d 63, 69–73 (1st Cir.2002) (upholding summary judgment when pretext at issue); *Zapata–Matos v. Reckitt & Colman, Inc.,* 277 F.3d 40, 45–47 (1st Cir.2002) (same).

5. The plaintiffs' assertion that the defendant's "Bangor facility has never terminated any other employee for conduct that violated its sexual harassment policy or its workplace vio-

lence policy," Opposition at 8, in the absence of any evidence that the defendant ever determined that any other employee at that facility violated those policies, provides no support for their disparate treatment argument.

6. The plaintiff's assert that the co-worker's actions also violated the defendant's sexual harassment policy, Plaintiffs' SMF ¶¶ 17, 19, but violation of that policy is not asserted by the defendant as a basis for its termination of Andrews and therefore the co-worker and Andrews are not similarly situated with respect to that policy.

er] directed toward [Andrews] and others," "threats toward Mary Andrews unless Richard Andrews left her," and messages from the co-worker to Andrews that were relayed by Simpson. *Id.* ¶¶ 2–3, 10. Assuming *arguendo* that each of these alleged actions violates the Guidelines, none of them rises to the level of gravity of physical assault. *See, e.g., Shepherd v. Slater Steels Corp.,* 168 F.3d 998, 1012 (7th Cir.1999) (insufficient showing of pretext where employer had treated other employees engaged in altercations less harshly than plaintiff when only plaintiff's altercation involved fight which resulted in need for medical treatment); *Sidney v. Humana Health Care Plan, Inc.,* 10 F.Supp.2d 1008, 1015 (N.D.Ill.1998) (no pretext shown when allegedly similar incidents did not involve physically threatening behavior as did incident involving plaintiff).

Finally, the plaintiffs rely on *Bennett v. Progressive Corp.,* 225 F.Supp.2d 190 (N.D.N.Y.2002), to support their argument that "pretext may be established where the conduct upon which the termination decision was based was the culmination or part of the sexual harassment," Opposition at 8–9. In that opinion, the court discusses the culmination of a course of sexual harassment in the context of determining whether a termination constitutes a tangible employment action, 225 F.Supp.2d at 204, a question not at issue here. That opinion provides no support for the plaintiffs' pretext argument.

### III. Conclusion

For the foregoing reasons, I recommend that the defendant's motions to dismiss the claim of plaintiff Mary Andrews for constructive discharge and for partial summary judgment on the claims of plaintiff Richard Andrews arising out of his termination by the defendant be **GRANTED.**

### NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which* de novo *review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to* de novo *review by the district court and to appeal the district court's order.*

February 4, 2003.